# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 96-60506
(Summary Calendar)

SEDGIE FOXWORTH,
PAUL FLOWERS,
CHRISTIAN UNION GROCERY, INC.,

                                                            Plaintiffs-Appellants,

versus

MERCHANTS COMPANY,

                                                            Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
(USDC No. 2:95-CV-278-PS)

July 7, 1997
Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Appellants Sedgie Foxworth, Paul Flowers and Christian Union Grocery, Inc. (collectively

referred to a "CUGI"), filed suit against Merchants Company ("Merchants"), alleging Merchants

discriminated against them on the basis of race, in violation of 42 U.S.C. § 1981, when

 * Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Merchants modified the terms of their credit contract. The district court granted summary judgment in favor of Merchants concluding that CUGI had failed to establish a prima facie case of discrimination and that Merchants' proffered reason for modifying the credit terms governing its contract with CUGI was pretextual. On appeal, CUGI argues that the district court erred in granting summary judgment and in refusing to consider the affidavit of Marilyn Dozier as evidence of Merchants' past discrimination. For the following reasons, we affirm.

**FACTS**

Sedgie Foxworth and Paul Flowers, both African-Americans, are the sole shareholders of CUGI, a grocery store located in Columbia, Mississippi. CUGI was a customer of Merchants, a food service distributor in the business of selling food and related products on a predominantly wholesale basis.

In April 1993, CUGI applied for monthly credit terms with merchants and was awarded "net 10 prox" status, which permitted it to pay for merchandise on the tenth day of the month following the purchase. This status was the most favorable customer credit status Merchants offered.

On July 20, 1994, Foxworth and Flowers were arrested on charges of threatening to murder a federal officer and for attempting to intimidate and impede a federal officer in the performance of his duties. Subsequently, they were indicted by a grand jury. Local newspapers and television covered the arrests and indictment, and revealed that federal authorities were conducting an on-going criminal investigation of Foxworth and Flowers for food stamp fraud.

After learning of the arrests and criminal investigation, Merchants' president, Don Suber ("Suber"), decided to place CUGI on "C.O.D., Cash Only" status which is the least favorable

customer credit status Merchants offered. The change in status became effective on August 9.[1]

Foxworth and Flowers were acquitted of the charges in January 1995, however, the food stamp fraud

investigation continued for some time thereafter.

Foxworth and Flowers, individually, and on behalf of CUGI filed suit against Merchants

alleging that Merchants altered the terms of the credit arrangement for racially discriminatory reasons

in violation of § 1981. Merchants filed a motion for summary judgment and the district court granted

the motion. CUGI timely appealed.

## DISCUSSION

A summary judgment is appropriate when, considering all of the allegations in the pleadings,

depositions, admissions, answers to interrogatories, and affidavits, and drawing all inferences in the

light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving

party is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th

Cir. 1994)(en banc); *Newell v. Oxford Management, Inc.*, 912 F.2d 793, 795 (5th Cir. 1990). We

review the district court's grant of summary judgment de novo applying the same standard as the

court did below. *Hale v. Townley*, 45 F.3d 914, 917 (5th Cir. 1994); *Industrial Indemnity Co. v.*

*Chapman and Cutler,* 22 F.3d 1346, 1349 n.5 (5th Cir. 1994); *Weyant v. Acceptance Ins. Co.*, 917

F.2d 209, 212 (5th Cir. 1990). *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Fed. R. Civ. P.

56(e).

In assessing the burden of proof in a motion for summary judgment, the movant bears the

burden of persuading the trial judge that (1) no genuine issue of material fact exists and that (2) on

---

[1] In August 1994, CUGI met with Merchants' credit in an attempt to have the "net 10 prox" status reinstated. Merchants agreed provided that CUGI produce a letter from the Department of Agriculture indicating the foodstamp fraud investigation had been dropped, along with a letter of credit guaranteeing payment of accounts. Neither of these letters were produced.

the basis of the facts established, he is entitled to judgment as a matter of law. *Barhonvich v. American Nat't. Ins. Co.*, 947 F.2d 775, 777 (5th Cir. 1991). If the movant discharges his initial burden, the non-movant must rebut with "significant probative evidence" demonstrating the existence of a triable issue of fact. *In Re Municipal Bond Reporting Antitrust Lit.*, 672 F.2d 436, 440 (5th Cir. 1982).

CUGI contends that summary judgment is improper because the district court erred in determining that they had failed to carry their burden of proving a *prima facie* case of discrimination and of proving that Merchants' articulated reason for changing the credit terms was pretextual. Though we agree with CUGI's contention that district court erred in adverting to plaintiffs' burden of proof at trial on the merits, after our *de novo* review of the record, we find that the district court's grant of summary judgment was proper.

To state a claim of discrimination under § 1981, the plaintiffs must allege: (1) they are a member of a racial minority; (2) the defendant intentionally discriminated against them because of their race; and (3) the discrimination concerns one of the activities enumerated in § 1981, specifically, the right to make and enforce contracts. *Green v. State Bar of Texas*, 27 F.3d 1083, 1086 (5th Cir. 1994). It is undisputed that CUGI consists of members of a racial minority and that the alleged discrimination for which they seek redress concerned the right to make and enforce contracts which is specifically enumerated in § 1981. Thus, our inquiry will be restricted to determining whether Merchants intentionally discriminated against CUGI on the basis of race.

Summary judgment was appropriate because Merchants succeeded in demonstrating the absence of a genuine triable issue with respect to CUGI's inability to prove it was discriminated against because of its race. In support of its summary-judgment motion, Merchants submitted the

affidavit of its president, Donald Suber. He averred that CUGI was placed on "C.O.D. cash only" status because Foxworth and Flowers were charged with intent to obstruct justice or to kill a federal officer. Suber swore that race was not a factor in his decision. Suber's affidavit and other evidence in support of the summary-judgment motion establish that Merchants met its burden of showing that there was no genuine issue of material fact and that it was entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 324. The burden then shifted to CUGI to produce evidence showing a genuine issue for trial. *Id.* CUGI failed to produce any qualifying evidence to create a genuine fact issue concerning Merchants' alleged discriminatory animus and, therefore, summary judgment was proper.

We also conclude that Merchants articulated a legitimate business reason for its decision to alter the credit terms, *i.e.* the credit risk posed by the arrest and indictment of the sole owners of CUGI, as well as by the ongoing federal criminal investigation into food-stamp fraud involving the very business to which credit had been extended. Merchants' determination that CUGI was a credit risk is supported by the fact that there was an outstanding balance of $82,000 on the CUGI account at the time of the arrests, indictments and investigation. In the event of a conviction, Merchants would have sustained a substantial loss. Thus, we conclude that based upon the evidence, Merchants' decision to modify CUGI's credit was not pretextual.

CUGI also contends that the district court erred in refusing to consider the affidavit of Marilyn Dozier as evidence of discrimination. CUGI urges that the lower court abused its discretion in refusing to consider the Dozier affidavit and that the affidavit could not have been obtained prior to the date on which it was submitted.

**5**

CUGI submitted the affidavit four days after the due date for its response to Merchants' summary-judgment motion.[2] The district court refused to consider the untimely affidavit on the grounds that all factual allegations contained therein were known or should have been known by CUGI prior to the date its response was due. Notwithstanding the affidavit's inadmissibility, the court found that nothing in the affidavit created a genuine issue of material fact. Thus, the lower court did not err in excluding the Dozier affidavit.

Finding that CUGI failed to establish the existence of a genuine issue of material fact, we conclude that the district court did not err by granting Merchants' motion for summary judgment. The district court's grant of summary judgment is

AFFIRMED.

---

[2] The record is replete with instances in which CUGI's responses were inexplicably untimely. The district court stated that "counsel for Plaintiffs has been dilatory in most matters before this Court in this cause. . ." and that dismissal of the lawsuit would be warranted "based upon Plaintiffs' repeated failure to comply with Court orders and to meet Court-established deadlines" had the summary judgment motion not been granted.